UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAY P. LUNT DRESSER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 2:22-cv-00121-NT |
| | ) |
| DEVELOPERS OF NUCLEAR | ) |
| POWER PLANTS et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Having granted Plaintiff Jay P. Lunt Dresser's second application to proceed *in forma pauperis*, *see* ECF No. 10, his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Dresser's complaint and enjoin him from filing new cases without prior leave of Court.

## I.  Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Discussion

Dresser—who calls himself the "Plenipotentiary for planet Earth"—initiated this matter by filing a complaint titled "Motion for writ to cease and desist with seizure of all Earthly nuclear power plants by U.S. Marshals and local sheriffs [and] appropriate authorities on other continents." ECF No. 1 at 1. He names himself, the Sierra Club of Portland, Maine, the Sierra Club of Maine, the Sierra Club of North America, and the Nature Conservancy as plaintiffs, and he names "Developers of Nuclear Power Plants (to be determined)," the United States of America, the United

States Department of Energy, and the United States Nuclear Regulatory Commission as defendants. *Id.*[1] He describes his cause of action in a single paragraph:

> Radioactive materials a by product without a solution for a safe disposition. (in water). Another by-product, plutonium, also without a safe disposal site. Maine Yankee of Wiscasset, Maine and Seabrook, New Hampshire, (2) plants shut down under protest approximately 30 years ago. Was the history disclosed to the people of Georgia, during licensing hearings and its plant under construction?

*Id.* at 2. He seeks a "$100,000,000 cash judgment," *id.*, and attaches an undated newspaper article about radioactive wastewater from a Massachusetts nuclear power plant, *see* ECF No. 1-1.[2]

Even with a liberal reading of Dresser's complaint, I am unable to discern any plausible claim upon which relief may be granted. Rather, Dresser's inscrutable allegations and his nonsensical demand that this Court enjoin every nuclear power plant on the planet and award him $100,000,000 are plainly frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that claims are frivolous under section 1915 when they are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional" (cleaned up)). Accordingly, Dresser's complaint should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

As a final matter, Dresser has been warned twice by this Court that further groundless and inappropriate filings might result in filing restrictions in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993). *See Dresser*

---

[1] As I noted when denying his first *in forma pauperis* application, Dresser cannot bring a lawsuit on behalf of other entities because he is not a licensed attorney. *See* ECF No. 6 at 1 n.1.

[2] Dresser subsequently filed a motion for a writ that makes similarly vague allegations about radioactive wastewater. *See* ECF No. 5. If the Court accepts my recommendation to dismiss this matter, Dresser's motion would be moot.

*v. Dorothea Dix Behavioral Psych. Hosp.*, No. 1:18-cv-00425-JDL, 2019 WL 847730, at *1 (D. Me. Feb. 21, 2019) (dismissing Dresser's complaint and warning him that the Court might impose filing restrictions such as requiring him to obtain advance approval before filing a new case); *Dresser v. Norms*, No. 1:18-CV-426-DBH, 2019 WL 302485, at *1 (D. Me. Jan. 23, 2019) (dismissing Dresser's complaint and warning him that that filing restrictions might be imposed if he continued to make "[g]roundless and inappropriate filings").[3]

Because Dresser has not heeded those two prior warnings, and because frivolous filings waste limited judicial resources and unnecessarily delay resolution of other matters, it is appropriate to enjoin Dresser from filing new cases in the District of Maine without obtaining advance approval by a District Judge by showing that his proposed pleading is "sufficiently plain and definite to satisfy [Fed. R. Civ. P.] 8 and to warrant a response." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980); s*ee also In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that [its limited] resources are allocated in a way that promotes the interests of justice. The continual processing of a petitioner's frivolous [filings] does not promote that end.").

---

[3] Dresser has had several other actions dismissed for a variety of reasons. *See Dresser v. Norm*, No. 1:21-cv-00168-JAW, 2021 WL 2601039, at *1 (D. Me. June 24, 2021) (rec. dec.), *aff'd*, No. 1:21-cv-00168-LEW, 2021 WL 3199212 (D. Me. July 28, 2021) (failure to state a claim); *Dresser v. Maine*, No. 1:18-cv-00317-DBH, 2018 WL 4943880, at *2-3 (D. Me. Oct. 12, 2018) (rec. dec.), *aff'd*, 2018 WL 5794159 (D. Me. Nov. 5, 2018) (sovereign immunity and failure to state a claim); *Dresser v. AT&T*, No. 1:18-cv-00248-JDL, 2018 WL 4939262, at *1 (D. Me. Sept. 5, 2018) (rec. dec.), *aff'd sub nom. Dresser ex rel. Emps. of AT&T v. AT&T*, 2018 WL 4934059 (D. Me. Oct. 11, 2018) (failure to prosecute); *Dresser v. Mun. Review Comm., Inc.*, No. 1:18-cv-00172-DBH, 2018 WL 3752854, at *2 (D. Me. Aug. 8, 2018) (rec. dec.), *aff'd*, 2018 WL 4305744 (D. Me. Sept. 10, 2018) (failure to state a claim).

### III. Conclusion

For the foregoing reasons, I recommend that the Court (1) **DISMISS** Dresser's complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), (2) **DEEM MOOT** his motion for a writ (ECF No. 5), and (3) **ENJOIN** him from filing new cases in the District of Maine without obtaining advance approval by a District Judge by showing that his proposed pleading is sufficiently plain and definite to satisfy Fed. R. Civ. P. 8 and to warrant a response.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: May 24, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge