# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JAY P. LUNT DRESSER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEVELOPERS OF NUCLEAR )<br>POWER PLANTS, et al., )<br>)<br>Defendants. ) | Docket No. 2:22-cv-00121-NT |

## ORDER AFFIRMING THE RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On May 24, 2022, the United States Magistrate Judge filed with the Court, with a copy to the Plaintiff, her Recommended Decision (ECF No. 11) on the Plaintiff's Complaint (ECF No. 1) and his "Motion for writ by magistrate judge, following trial by Grand Jury, to cease and desist further development worldwide, and plant under construction in the State of Georgia of the United States of America" (ECF No. 5). On June 9, 2022, the Plaintiff filed a motion to extend the time to file objections to June 22, 2022 (ECF No. 13), which was granted (ECF No. 15). On June 9, 2022, the Plaintiff also filed a "Partially Revised Motion for Writ of work stoppage (at State of Georgia of the United States of America) at nuclear power plant construction site" (ECF No. 14). The time within which to file objections to the Recommended Decision has expired, and no objection has been filed. The Magistrate Judge notified the Plaintiff that failure to object would waive his right to *de novo* review and appeal.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate

Judge is hereby **ADOPTED**. The Plaintiff's Complaint (ECF No. 1) is **DISMISSED**, and the Plaintiff's motions (ECF Nos. 5 & 14) are therefore **MOOT**.

In addition, as the Magistrate Judge noted, Mr. Dresser has filed at least six other cases in the District of Maine, and this Court has previously issued *Cok*[1] warnings to him, cautioning that further groundless filings might result in the Court imposing filing restrictions. *See Dresser v. Norms*, Civil No. 1:18-CV-426-DBH, 2019 WL 302485, at *1 (D. Me. Jan. 23, 2019); *Dresser v. Dorothea Dix Behavioral Psych. Hosp.*, 1:18-cv-00425-JDL, 2019 WL 847730, at *1 (D. Me. Feb. 21, 2019). Specifically, Mr. Dresser has been warned that "[g]roundless cases include those that do not assert a claim within the court's subject matter jurisdiction (meaning that it is not the type of case that can be heard in federal court) or [that fail] to state an actionable claim (meaning that the facts in the complaint do not describe a violation of the law)." *Id.* This case meets that definition. Accordingly, Mr. Dresser is hereby **ENJOINED** from filing new cases in the District of Maine without obtaining the Court's prior permission by showing that his proposed pleading is sufficiently plain and definite to satisfy Federal Rule of Civil Procedure 8 and to warrant a response. *See id.* (citing *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 5th day of July, 2022.

---

1   *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).